IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,898-01






EX PARTE DANIEL SAUCEDO BARRERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 96-CR-556-A IN THE 107TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.


 Keasler, J., dissenting.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
marihuana and sentenced to four years' imprisonment. He did not appeal his conviction.

 Applicant's sentence in this cause has discharged. He contends, however, that before
pleading guilty he asked counsel whether he might be deported and counsel responded, "Nah don't
worry about it." The trial court initially made findings of fact and conclusions of law and
recommended that we deny relief. On December 15, 2010, after concluding that the record was not
sufficient to resolve Applicant's claim, we remanded this application for further findings of fact and
conclusions of law. On remand, the trial court found that Applicant had not stated whether he
reentered the United States legally or illegally. The trial court found, as a result, that Applicant had
not shown that he continues to suffer collateral consequences from his conviction. See Tex. Code
Crim. Proc. art. 11.07, § 3(c). The trial court recommended that we deny relief. 

 We do not agree. In his memorandum of law, Applicant states that he was prosecuted for
illegally reentering the United States. On this record, we believe that Applicant is suffering collateral
consequences. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Padilla v. Kentucky, 559 U.S. ___ (2010). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether counsel advised Applicant
that if he pleaded guilty he would not be deported. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 25, 2011

Do not publish